[No. 7641.]

## DeBaca v. Higgins.

1. Bank—*Officer Applying the Funds of the Bank to his Private Debt.* An agent has no authority to apply the funds of his principal to his private obligations. No more has the officer of a bank. He has charge of the funds of the bank as trustee for the stockholders and creditors of the institution. (79)

A creditor of an official of a bank, receiving in payment of his demand a draft or other obligation of the bank, showing upon its face

that it is issued by such official, is advised thereby of the improper appropriation of the funds of the bank, so. attempted. The paper is void in his hands, and if he obtains the money upon it he is liable therefor to the bank, or the receiver of the bank, unless he can show that the act was authorized by the proper authorities of the bank, or that they afterwards ratified it. (79)

The fact that the official of the bank, in such case is the owner of the whole stock thereof, conducts all its business and is not subordinate to any superior authority in the premises is unimportant. (79, 80)

2. Estoppel—By Conduct—Ratification. Bowlds bought the whole issue of stock of a bank and assumed control of its business. He pledged certain shares to another bank to secure a loan. Subsequently, having no funds at all in the bank and being indebted to plaintiff, he drew a draft in the name of the bank for a portion of the debt, and a certificate of deposit for the residue. No other officer of the bank knew of the transaction. Plaintiff collected the draft, and shortly thereafter the bank failed, and its affairs passed into the hands of a receiver, the loan from the other bank remaining unpaid. Held that the failure of the bank, while so under the control of Bowlds, to repudiate the transaction, raised no estoppel either upon the bank or the receiver. Judgment in favor of the receiver for the amount of the draft, and disallowing the certificate of deposit as a claim against him. Affirmed. (79, 80)

*Error to Arapahoe District Court.*—Hon. Charles McCall, Judge.

Mr. Walter M. Appel, for plaintiff in error.

Messrs. Dana & Blount, for defendant in error.

Messrs. Doud & Fowler, for Central Savings Bank, intervenor.

The Bank of Grand County was a corporation organized under the laws of this state. One C. H. Bowlds, purchased the entire capital stock of the bank, which was transferred to him. At the time of this purchase a meeting of the board of directors was held, and Bowlds elected director and president, and one Norment director and

vice-president, but no third director was elected, nor was a cashier elected. Bowlds took possession of the bank, and managed and controlled its business. One Furgerson remained in the employ of the bank and appears to have acted in the capacity of cashier. Bowlds was indebted to plaintiff in error on a promissory note in the sum of five thousand dollars and interest. During the absence of Furgerson, Bowlds took up this note by giving his check on the bank for seven hundred sixty-two dollars and fifty cents, a draft signed by himself as cashier for one thousand dollars, and a certificate of deposit for four thousand dollars, payable four months after date, which was also signed by him as cashier, each of which was payable to plaintiff in error. The draft and check were paid in due course. At the time of this transaction Bowlds did not have any funds to his credit in the bank. His account was overdrawn, and he never made any deposit to take care of either of these obligations. Two days prior to the issuance of these obligations, Bowlds pledged ninety shares of the stock of the bank to the Central National Bank as collateral security for five thousand dollars borrowed by him. Subsequently, and within thirty days, defendant, in error was appointed receiver of the bank. The loan of the Central National has not been paid and it still holds the stock pledged as security. Plaintiff in error filed his claim with the receiver for four thousand dollars, upon the certificate of deposit. The receiver objected to its allowance upon various grounds, which were to the effect that the certificate was issued in settlement of Bowlds' personal obligation, and without consideration to the bank. To these objections claimant replied to the effect that the bank was estopped to assert the authority of Bowlds to execute the certificate, and had been guilty of laches in failing to interpose objections to the validity of the certificate.

Later the receiver filed a further answer and cross-complaint, praying judgment against the plaintiff in error upon the draft and check, upon the same grounds that he opposed the allowance of the claim on the certificate of deposit. The Central National Bank intervened, and objected to the claim of plaintiff in error, and claimed that by virtue of its ownership of the stock of the bank, pledged by Bowlds, it was entitled to all surplus in the hands of the receiver. The receiver had sufficient assets to pay all claims against the bank, except that of plaintiff in error, and approximately two thousand dollars in addition. The testimony at the trial established facts substantially as above narrated. The court rendered judgment disallowing the claim on the certificate of deposit and against plaintiff in error for the amount of the draft with interest. Claimant brings the case here for review on error.

Mr. Justice Gabbert delivered the opinion of the court:

The transaction by which plaintiff in error received the draft and certificate of deposit was a personal one with Bowlds, and not with the bank. By the issuance of these obligations Bowlds undertook to discharge his individual indebtedness to the plaintiff in error, by issuing a draft and certificate of deposit signed by him as cashier.

The official of a bank in charge of its business is its agent, but his authority is limited to those transactions in connection with the affairs of the bank, which are usually exercised by such officer, so that the test to apply in ascertaining if the bank he represents is bound by his act, is whether the transaction is with the bank and its business, or with the officer personally, and in his business. If of the latter character, the bank is not bound

thereby, unless it appears that the act of the official for his individual benefit was authorized or ratified. An agent is not vested with authority to appropriate the funds of his principal to pay his debts, and therefore, a creditor of a bank official receiving a draft or other obligation of the bank, which the officer represents, in payment of his individual obligation, which show upon their face that they were issued by himself, is advised that thereby the officer is appropriating the assets of the bank to pay his individual indebtedness and is therefore liable to the bank for the funds so received, or the obligation is nugatory in his hands, unless he establishes that the bank official was authorized to issue such obligations, or his act has been ratified by the bank.—*Campbell v. Manufacturers Nat'l Bank*, 67 N. J. L. 301, 51 Atl. 497, 91 Am. St. 468; Zane on Banks and Banking, 120; *Anderson v. Kissam*, C. C. 35 Fed. 699; *Hier v. Miller*, 68 Kan. 258, 75 Pac. 77, 63 L. R. A. 952; *Langon v. Grognon*, 123 La. 453, 49 So. 18, 22 L. R. A. (N. S.) 414; *St. Charles Sav. Bank v. Orthweir Inv. Co.* 160 Mo. App. 369, 140 S. W. 921.

Such proof was not made in the case at bar, and it appears that Bowlds never made any deposit with the bank to pay the draft or certificate of deposit.

It is urged, however, on behalf of plaintiff in error, that because Bowlds was the owner of the entire capital stock of the bank, transacted all its business, attended to all its affairs, was not subject to any authority in the conduct of the business of the bank, and because the bank remained silent, and made no objection to the authority of Bowlds to issue the certificate of deposit and the draft, the transaction was ratified, and both the bank and the receiver are estopped from questioning the validity of the transaction.

Bowlds, as we have stated, and as is claimed by plaintiff in error, was in full control of the affairs of the

bank. He was therefore trustee for its stockholders and creditors. This fiduciary relation inhibited him making any use of the corporate assets, except such as might serve the purpose of the corporation. Consequently, he could not appropriate the funds of the bank to his own use, as against its creditors, and those having an interest in its stock. Prior to the transaction involved, he had transferred ninety shares of the capital stock to the Central National Bank, to secure his note to that institution. This note is unpaid. His attempt to discharge his individual indebtedness with the bank assets, was unquestionably wrong and illegal. He was the only one interested in the bank who appears to have had any knowledge of this wrongful act. In such circumstances his silence or acquiescence cannot bind his principal. To hold otherwise would enable a bank official, in sole charge of the affairs of a bank, to ratify his own wrongful act by his own silence and his own acquiescence. The law will not permit fraud to be perpetrated in this manner. We must not be understood, however, as intimating that plaintiff in error, or those representing him, were guilty of any fraud, for they were not. When we speak of fraud, we refer to the act of Bowlds in appropriating the funds of the bank to his own use to discharge his individual indebtedness. It was this fraud of which plaintiff in error had notice that vitiates the transaction.

The contention on the part of counsel for plaintiff in error that the judgment is erroneous is based entirely upon the proposition that the transaction was ratified, and therefore, binding on the bank, and in considering the case, we have merely assumed, but not decided, that it could have been ratified, either in advance or by subsequent action.

It is suggested in the brief of counsel for plaintiff in error that the receiver holds his note against Bowlds,

and claims it as an asset of the bank. We do not understand the receiver makes any such claim. If he has the note, it should be turned over to the plaintiff in error.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

· Mr. CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.

Decided April 6, A. D. 1914. Rehearing denied November 2, A. D. 1914.